■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESTER WILSON, Appellant.— Order, Supreme Court, New York County, entered October 30, 1970, denying writ of error *coram nobis* unanimously affirmed. Appellant has presented an argument having to do with whether a court-martial conviction is available as predicate to a multiple offender proceeding. This point was never urged in the *pro se* proceeding below, and we have not considered it; indeed, we are precluded from doing so by the complete lack of a record on this score. Concur — Capozzoli, J. P., Markewich, Kupferman, Murphy and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD SCOTT, Appellant.— Order, Supreme Court, New York County, entered February 24, 1971, denying, without a hearing, application for *coram nobis* relief, unanimously reversed, on the law, the application granted, the sentence vacated and the cause remanded for resentencing. The defendant committed the crime at a time when he was on parole. Section 75.00 (subd. 3, par. [d]) of the Penal Law proscribes an indeterminate reformatory sentence in such circumstances. The contention of the People that the defendant may not raise this claim in a *coram nobis* application since the sentences were part of the record is untenable. No factual issue is involved. Where the facts are not in dispute, the application is to be treated as a proper one for the relief sought. (*People* v. *Nagler,* 21 A D 2d 490, 494-495; *People* v. *Boney,* 34 A D 2d 651.) Concur — McGivern, J. P., Markewich, Nunez, McNally and Tilzer, JJ.

■ ANGEL L. MARTEL, Appellant, v. BLANKLI REALTY CORP., Respondent.— Judgment, Supreme Court, Bronx County, entered on July 8, 1970, dismissing the complaint, unanimously reversed, on the law and the facts, without costs and without disbursements, and the action is remanded for trial. The order of the trial court in granting defendant's application to amend the answer was proper in the circumstances. However, plaintiff should have been granted a continuance of the trial to bring in other witnesses to meet the issues in the amended pleading. While plaintiff's counsel was not candid with the court and defense counsel initially, the court in its discretion should have granted the continuance. Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Murphy, JJ.